Nicholson, C. J.,
delivered the opinion of the Court.
Munson filed- a bill against Payne to enforce his vendor’s lien on a tract of land. A decree was made ordering the sale; and at the sale Payne became the purchaser and executed his note with security, at seven months, the right to redeem being cut off. The sale-was regularly confirmed. When the note matured,, judgment by motion was taken against Payne and his security — and a re-sale for cash ordered, and execution for any balance not produced by the sale. No notice was given to Payne of the motion for judgment on his note. From the decree ordering a re-sale for cash,: Payne has appealed.
*674 The judgment on motion was taken in 1872, after the repeal of the Act requiring five days’ notice. None, therefore, was necessary under the Statute, and as Payne was the original owner of the land and also the purchaser at the Master’s sale, he was in Court as a party, and under the settled course of Chancery Practice the judgment was regular.
After confirmation of the Master’s sale, the purchaser, Payne, had an equitable interest in the land, which was to be perfected into a legal title by the payment of his note for the purchase money. His failure to make the payment when the note matured, •did not divest him of his equitable title, but the same •continued in him, subject to be sold for the satisfaction of the note. Upon his default in payment, as he was the purchaser under the decree cutting off the right of redemption, it was right to order a re-sale for cash; but the decree was erroneous in not giving time within which the purchase money might be paid, before advertising for a re-sale. The decree will be set aside and a decree made- here ordering a sale, if •the purchase money is not paid within sixty days from the date of the decree; and in the event of'a re-sale :and any balance of purchase money unpaid, execution will issue therefor.